**In re PAUL'S LOBSTER COMPANY, INC., Debtor.**

**PAUL'S LOBSTER COMPANY, INC., Plaintiff,**

v.

**COMMONWEALTH OF MASSACHUSETTS and City of Boston, Defendants.**

**Bankruptcy No. 96–19339–CJK.**
**Adv. No. 97–1002.**

United States Bankruptcy Court, D. Massachusetts.

Feb. 28, 1997.

Stephen Dick, Asst. Atty. Gen., Boston, MA, for Commonwealth of Massachusetts.

Elizabeth O'Donnell, Boston, MA, for City of Boston.

Daniel Small, J. Christopher Robinson, Boston, MA, for Debtor.

Andrew Cummings, Boston, MA, for Creditors' Committee.

Eric Bradford, Boston, MA, for United States Trustee.

### MEMORANDUM OF DECISION ON COMMONWEALTH'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ON THE CITY OF BOSTON'S OBJECTION TO REMOVAL AND MOTION FOR REMAND

CAROL J. KENNER, Chief Judge.

The Debtor commenced this action in the Superior Court of the Commonwealth of Massachusetts and later, upon commencement of this case under Chapter 11 of the Bankruptcy Code, removed the action to the Bankruptcy Court pursuant to 28 U.S.C. § 1452 and F.R.Bankr.P. 9027. The complaint asserts prepetition claims arising entirely under state law against both the Commonwealth of Massachusetts and the City of Boston for damages arising from a constructive taking that forced the Debtor to move its business. The adversary proceeding is before the Court now on two matters: the Commonwealth's Motion to Dismiss for Lack of Subject Matter Jurisdiction Arising From the Commonwealth's Sovereign Immunity; and the City of Boston's Objection to Removal of State Action to Federal Bankruptcy Court or, In the Alternative, Motion for Remand of State Action to State Court.

■ The Commonwealth moves to dismiss the Debtor's claims against it, arguing that sovereign immunity protects the Commonwealth from suit against it by a private party in federal court, and that Congress's attempt to abrogate the States' sovereign immunity in 11 U.S.C. § 106(a), as amended by Section 113 of the Bankruptcy Reform Act of 1994, Pub.L. 103–394 (Oct. 22, 1994), was not a valid exercise of power and therefore was ineffective. *Seminole Tribe of Florida v. Florida,* — U.S. —, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). The Debtor opposes the motion, arguing that § 106(a) was a valid exercise of Congress's authority. The Commonwealth has not filed a proof of claim in this case, and the Debtor does not contend that the Commonwealth's immunity should be deemed waived.

The Court sees no need to address the constitutionality of § 106(a). The abrogation of sovereign immunity in that subsection does not extend to all matters that under 28 U.S.C. § 157(a) might fall within the bankruptcy court's jurisdiction. Rather, it extends only to the application of certain enumerated sections of the Bankruptcy Code to the governmental units whose immunity is deemed abrogated. 11 U.S.C. § 106(a)(1), (2), and (3). The claims asserted in this adversary proceeding arise entirely under state law, not under any of the sections enumerated in § 106(a)(1). Therefore, § 106(a) has no application here, and the Debtor, unfortunately, cannot press its claims against the Commonwealth in this Court.

It is unfortunate because, if the Commonwealth had not asserted that sovereign immunity barred a trial in this Court, I would have set the matter for trial within sixty days. Time is of the essence in this reorganization. Unless the Debtor can obtain a speedy trial, its Chapter 11 case will likely fail. Even if it were to recover eventually on its complaint, Paul's Lobster would then enjoy only a Pyrrhic victory, since the going-concern value of the company would by then have been destroyed—to the detriment of the trade creditors, the secured creditor, the stockholder, and the Debtor's employees.

■ The Debtor may press its claims against the Commonwealth in the Commonwealth's own courts, from whence this adversary proceeding was removed. Dismissal would force the Debtor to refile its complaint in state court and thus be delayed in obtaining a final adjudication of the complaint. Therefore, instead of dismissing the complaint, the Court will enter a separate order remanding the entire adversary proceeding, including the claims against the City of Boston,[1] to the Superior Court. 28 U.S.C.

---

1. The Debtor's claims against the City are identical to those it asserts against the Commonwealth.

§ 1452(b) ("The Court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."). The City of Boston's Objection to Removal and Motion for Remand will be denied as moot.

Judicial economy requires that the adversary proceeding not be bifurcated.